UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JENNIFER CRICKMORE, DAKOTA HAUS,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>  v.  )<br>  )<br>AMERICAN LEGION POST 499, and/or  )<br>ALLEN COUNTY AMERICAN LEGION  )<br>POST NUMBER 499, INC., and ERNIE  )<br>ROSE,  )<br>  )<br>      Defendants.  )  | CIVIL NO.  1:05cv392 |

OPINION AND ORDER

This matter is before the court on a motion to dismiss the claims of plaintiff Dakota Haus ("Haus") filed by the American Legion Post 499 ("the Legion") and Ernie Rose ("Rose"), pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.  Haus, who is proceeding pro se, was sent a notice by the Legion and Rose on September 19, 2006, informing her of the motion to dismiss and her obligation to file a response on or before October 16, 2006.  Nevertheless, Haus has failed to file a response.

For the following reasons, the motion to dismiss will be granted.

Discussion

On or about October 12, 2005, Haus filed a Complaint against the Legion and Rose in the Allen Superior Court alleging that during and in the course of her employment she was sexually harassed by Rose.  On or about November 5, 2005, the Legion and Rose filed a Petition for Removal and the case was subsequently removed to this Court.  On or about February 7, 2006, this Court held a Preliminary Pre-Trial Conference at which the parties' Report of Parties

Planning Meeting was approved setting the discovery deadline for September 7, 2006.  The parties initially engaged in settlement discussions hoping that the matter could be resolved without the necessity and expense of a mediation and discovery.  When the informal settlement discussions failed, the parties scheduled a mediation for August 2, 2006.

The Legion and Rose appeared for the mediation on August 2, 2006.  While Haus' co-plaintiff, Jennifer Crickmore, appeared for the mediation, Haus failed to appear for the mediation.  Haus' counsel indicated that they attempted to contact Haus to inform her of the mediation, but all efforts failed.  The parties proceeded to attempt to resolve Jennifer Crickmore's claim.

The settlement efforts at the mediation were not successful.  While the parties attempted to continue to resolve the claim, it was agreed that in light of the pending discovery deadline of September 7, 2006, it was necessary to proceed with the depositions of the plaintiffs.  On August 16, 2006, the Legion and Rose served a Notice of Deposition and Subpoena Duces Tecum for Dakota Haus upon her counsel setting her deposition for September 1, 2006 at 9:00 a.m.  Haus failed to appear for her deposition on September 1, 2006.  Her counsel and her co-plaintiff each indicated that they made numerous attempts to contact Haus but were not able to locate her.

As a result of Haus' failure to keep the Court and/or her counsel informed of her whereabouts, the Legion and Rose have been deprived of the opportunity to take her deposition.  On September 7, 2006, counsel for the Legion and Rose forwarded a letter to Haus' attorney in an effort to resolve the problems with obtaining Haus' deposition.  Haus' attorney was still unable to contact Haus and withdrew his Appearance on September 19, 2006.

Pursuant to Federal Rule of Civil Procedure 37(d) if a party fails to appear before the

officer who is to take her deposition, after being served with a proper Notice, the Court may take any action authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(B) or (C)[1]. The Legion and Rose request this court to dismiss Haus' complaint pursuant to Rule 37(b)(2)(C) because she has failed to keep the parties informed of her whereabouts and has apparently abandoned any interest in pursuing the claims she filed against the Legion and Rose.

This court agrees with the Legion and Rose that the only appropriate remedy in this situation is to dismiss Haus' claims against Legion and Rose. One of the duties of a plaintiff is to keep counsel and other parties informed of her whereabouts and to remain in contact with her counsel at all times. Haus has totally failed in this duty, and her failure has caused the Legion and Rose to be unable to obtain important discovery. Therefore, the motion to dismiss will be granted.

---

[1] Rule 37(b)(2) provides in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> *   *   *
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . .

<u>Conclusion</u>

On the basis of the foregoing, Legion and Rose's motion to dismiss is hereby

GRANTED.


Entered: October 24, 2006.


s/ William C.  Lee
William C. Lee, Judge
United States District Court

4